IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCOS XAVIER RAMIREZ,

    Petitioner,

  v.

OREGON ATTORNEY GENERAL
HARDY MYERS et al.,

    Respondents.

No. CV 05-20-AS

OPINION AND ORDER

**MOSMAN, J.**,

On July 13, 2007, Magistrate Judge Ashmanskas issued Findings and Recommendation ("F&R") (#41) in the above-captioned case recommending that Mr. Ramirez's Petition for Writ of Habeas Corpus (#1) be granted based on his claim that he received ineffective assistance of trial counsel. Respondent filed Objections to the F&R (#45), and Mr. Ramirez filed a Response to those Objections (#47).

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge,

PAGE 1 - OPINION & ORDER

but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Here, no objections were raised to several portions of the magistrate judge's F&R, including his findings that:

(1) While Mr. Ramirez alleged multiple grounds for habeas relief, he fully exhausted only claims 1, 3, 9, and portions of 10 under Ground One; he procedurally defaulted on the remaining claims in Ground One, as well as on all of his claims in Grounds Two, Three, and Four.

(2) Mr. Ramirez has not demonstrated cause and has not demonstrated that failure to consider the defaulted claims listed above will result in a fundamental miscarriage of justice. He has therefore failed to excuse his default of those claims.

(3) Mr. Ramirez failed to advance any arguments regarding claims 1, 3, and 9 of Ground One, and the post-conviction relief ("PCR") court's denial of relief on those claims is entitled to deference.

(4) Mr. Ramirez is also not entitled to habeas relief based on his trial counsel's failure to object to the prosecutor's statements regarding the police officer's credibility.

After conducting the appropriate review, I adopt the reasoning of these portions of the F&R. However, I DECLINE TO ADOPT the magistrate judge's recommendation that Mr. Ramirez's habeas petition should be granted based on his trial counsel's failure to object to the

PAGE 2 - OPINION & ORDER

prosecutor's statements regarding Mrs. Ramirez's credibility.

### Mr. Ramirez's Claim of Ineffective Assistance of Trial Counsel

The F&R fully sets forth the pertinent facts and background of this claim, and I therefore recount them only briefly. In his closing argument, Mr. Ramirez's trial attorney argued that Mr. Ramirez's wife, who served as the state's chief witness, had testified pursuant to a plea agreement that gave her a powerful incentive to lie on the stand and to falsely implicate her husband. Mr. Ramirez alleges that certain statements the prosecutor made in his rebuttal argument constituted improper vouching for Mrs. Ramirez's credibility, and that his trial counsel was ineffective because he failed to object when the prosecutor made those statements.

Following his sentencing, Mr. Ramirez directly appealed his conviction on this ground and others, but the Oregon Court of Appeals affirmed his conviction, and the Oregon Supreme Court denied review. Mr. Ramirez then filed his state PCR claim, again on this ground among many others. After an evidentiary hearing, the PCR trial judge denied relief. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Mr. Ramirez then filed his habeas petition in this court.

#### (a) Standard of Review

At the outset, it is helpful to note what this case is not. It is not a case on direct appeal. It is not a habeas petition based on alleged prosecutorial misconduct, as Mr. Ramirez procedurally defaulted on that claim. It is a habeas petition challenging the PCR court's decision to deny Mr. Ramirez habeas relief based on his claim that he received ineffective assistance of counsel.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a habeas petition shall not be granted unless the state court's decision "was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has interpreted this clause to mean that the state court's application of clearly established federal law must have been *objectively unreasonable,* which presents an even higher hurdle for a habeas petitioner than showing that the state court's decision was incorrect. *Williams v. Taylor*, 529 U.S. 362, 409-11 (2000). In order to grant Mr. Ramirez's habeas petition, therefore, I would first have to find that his trial counsel did in fact provide ineffective assistance under clearly established federal law when he failed to object to the prosecutor's statements. I would then have to find that the PCR court was not only incorrect, but objectively unreasonable, when it found otherwise.

**(b) Analysis**

As discussed above, I concur with the magistrate judge's finding that Mr. Ramirez procedurally defaulted on his claim of prosecutorial misconduct. For purposes of this analysis only, however, I will assume the prosecutor's comments constituted improper vouching for Mrs. Ramirez's credibility. With that assumption in mind, I turn to the two questions outlined above: (1) whether Mr. Ramirez's attorney's failure to object to the prosecutor's comments constituted ineffective assistance, and, if so, (2) whether it was objectively unreasonable under the AEDPA for the PCR court to hold otherwise.

### (1) Did Mr. Ramirez's attorney provide ineffective assistance?

First, to satisfy a claim of ineffective assistance of counsel, Mr. Ramirez must show that his attorney's performance qualified as ineffective under clearly established federal law. *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the "clearly established federal law" governing ineffective assistance of counsel claims. Under *Strickland*, a petitioner must prove

two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process. . . .

*Id.* at 687. Stated another way, Mr. Ramirez must show that (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for those unprofessional errors, the result of the trial would have been different. *Id.* at 688, 694.

The Supreme Court has cautioned that

> judicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Bell v. Cone*, 535 U.S. 685, 698 (2002) (internal quotations and citations omitted).

With these precautions in mind, there are a number of reasons why Mr. Ramirez's attorney may appropriately have decided not to object when the prosecutor allegedly vouched for Mrs. Ramirez during his rebuttal argument. Mr. Ramirez's attorney had already thoroughly questioned Mrs. Ramirez about the contents of her plea agreement during his cross-examination. He had also just finished arguing during his own closing argument that the plea agreement gave Mrs. Ramirez a powerful incentive to lie, and had cautioned the jury to view her testimony with distrust. It would have been reasonable for Mr. Ramirez's attorney to determine, in his professional judgment, that he had already done everything he could to plant doubt in the jury's

PAGE 5 - OPINION & ORDER

mind regarding Mrs. Ramirez's credibility. It would also have been reasonable for him to determine that objecting to the prosecutor's argument would only serve to highlight it, and that it would be better to simply let the moment pass. As the Ninth Circuit has stated, "[b]ecause many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the 'wide range' of permissible professional legal conduct." *U.S. v. Necoechea*, 986 F.2d 1273, 1281 (9th Cir. 1993) (holding the defendant did not receive ineffective assistance of counsel when his attorney failed to object during the prosecutor's closing statement, *even though* the prosecutor's statements constituted vouching); *see also* Robert E. Jones et al., Rutter Group Practice Guide: Federal Civil Trials and Evidence 14-40.2 (2007) (listing several factors for attorneys to consider when deciding whether to object to an improper argument, including the idea that an objection "will probably *focus* the *jury's attention* on whatever your adversary has just stated," and that you risk having the jury "give undue credence to your opponent's argument" if the court overrules your objection).

    Given this weight of authority and the wide latitude given to an attorneys in this area, it would be inappropriate to now question Mr. Ramirez's attorney's professional decisions under what the Supreme Court has referred to as "the distorting effects of hindsight," and to attempt to reconstruct what would or could have been a more effective strategy given the groundwork he had already laid. *See Bell*, 535 U.S. at 698. And there is certainly no evidence the trial would have had a different outcome if his attorney had objected during the prosecutor's argument, especially in light of the doubt he had already planted in the jury's mind. For all these reasons, Mr. Ramirez has failed to overcome the presumption that his attorney's failure to object was

simply sound trial strategy, and did not constitute ineffective assistance of counsel. The PCR court's decision is therefore correct and is entitled to deference.

### (2) Was the PCR court's decision objectively unreasonable?

While my finding on the first question makes this second question somewhat rhetorical, I will briefly address it. Mr. Ramirez has already had the opportunity to argue—both on direct appeal and then again to the PCR court—that his conviction should be overturned. He failed both times to convince those courts he had received ineffective assistance of counsel under *Strickland*'s standards when his trial counsel failed to object to the prosecutor's closing argument. Because this is a federal habeas petition and not a direct appeal, Mr. Ramirez would not be entitled to relief even if I found that his attorney provided ineffective assistance of counsel unless he *also* qualified for relief under the AEDPA. To succeed at this stage of the proceedings, therefore, Mr. Ramirez would have to justify peeling away the additional layer of deference the AEDPA requires federal courts to give to the PCR court's decision. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (explaining that it is not enough if the federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was merely erroneous, and reiterating the highly deferential "objectively unreasonable" standard of review). Here, Mr. Ramirez has failed to demonstrate that the PCR court's decision was incorrect, let alone objectively unreasonable.

**(c) Conclusion**

For the foregoing reasons, I DECLINE TO ADOPT the magistrate judge's recommendation that Mr. Ramirez's habeas petition be granted (#41). Mr. Ramirez's Petition for a Writ of Habeas Corpus (#1) is DENIED.

IT IS SO ORDERED.

DATED this  28th  day of February, 2008.

                                     /s/ Michael W. Mosman  
                                     MICHAEL W. MOSMAN  
                                     United States District Court